T. J. Johnson, plaintiff in error, *vs.* William D. Emanuel, defendant in error.

Prior to the Act of 1873, the landlord, in the absence of any contract to that effect, had no lien on the crops of the tenant for his rent, before the levy of a distress warrant therefor.

Landlord and tenant. Distress warrant. Lien. Before Judge James Johnson. Talbot Superior Court. September Term, 1873.

For the facts of this case, see the decision.

W. A. Little; J. M. Matthews, for plaintiff in error.

Willis & Willis, for defendant.

Warner, Chief Justice.

This case came before the Court below on the trial of a claim to sixteen hundred pounds of seed cotton which had been levied on by virtue of a distress warrant, issued in favor of the plaintiff against Scott for rent, which was claimed by Emanuel. It appears from the evidence in the record that on the Saturday before the distress warrant was levied on the cotton, Scott had sold and delivered it to the claimant in payment for a horse. By the written contract between Scott and the plaintiff it is not stated therein that Scott was to pay a part of the crop made on the land for the rent of it, but that he shall pay $25 00 for the use of a mule, and pay seventeen hundred pounds of good lint cotton. The Court charged the jury, in substance, that if Scott, the defendant, had sold the cotton to the claimant for a valuable consideration, and had delivered it to him before the distress warrant was levied thereon, it was not subject thereto, though it might defeat the plaintiff's claim for rent; to which charge the plaintiff excepted.

This distress warrant was issued prior to the Act of 1873. There was no contest as to liens in this case, and no contract that the plaintiff should have a lien on the cotton for his rent.

The landlord's lien for rent, under the contract in this case, had not attached to the cotton before the levy of his distress warrant thereon, so as to defeat the claimant's title to it under his purchase from Scott, prior to the levy of plaintiff's distress warrant. We find no error in the charge of the Court in view of the facts contained in the record.

Let the judgment of the Court below be affirmed.